**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

JOEL H. GRICE,

          Plaintiff,

     v.

UNITED STATES POSTAL SERVICE &
NATIONAL MAIL HANDLERS UNION,

        Defendants.

CIVIL ACTION NO. 05-2404
(DRD)

**OPINION**

Appearances

Joel H. Grice, <u>pro</u> <u>se</u>
69 Franklin Terrace
Irvington, NJ 07111

    *Plaintiff pro se*

Christopher J. Christie, Esq.
UNITED STATES ATTORNEY
by
Rudolph A. Filko, Esq.
ASSISTANT UNITED STATES ATTORNEY
970 Broad St.
Suite 700
Newark, NJ 07102

    *Attorneys for defendant United States Postal Service*

### *OPINION*

**DEBEVOISE, Senior District Judge**

    Presently before the court is the motion of defendant United States Postal Service

("USPS") to dismiss pursuant to FED. R. CIV. P. 12(b)(6) or, in the alternative, for summary

judgment pursuant to FED. R. CIV. P. 56.  For the reasons set forth below, the motion for summary judgment will be granted.

### FACTS

Plaintiff was employed by USPS as a mail handler at the Hackensack Processing and Distribution Center located in Hackensack, New Jersey.  He commenced his employment with USPS on or about May 13, 1995, and was terminated on or about May 21, 2003.

After being suspended on two occasions for being AWOL and receiving three letters of warning for other infractions, on September 12, 2001, Plaintiff signed a Last Chance Agreement which required Plaintiff, *inter alia*, to maintain satisfactory attendance, which was defined as "no more than five(5) unscheduled absences during any six (6) month period of this agreement and no instances of AWOL."  On March 14, 2002, USPS issued a Notice of Removal informing Plaintiff that he would be terminated because he violated the Last Chance Agreement by being absent on twenty (20) occasions for a total of 43.91 hours.  Plaintiff's removal was effective on April 18, 2002.

Plaintiff filed a grievance challenging the Notice of Removal and his alleged violation of the Last Chance Agreement.  A hearing before an arbitrator was held on December 20, 2002, and on May 21, 2003, the arbitrator issued an award in favor of USPS, finding that USPS properly issued Plaintiff a Notice of Removal because Plaintiff had violated the Last Chance Agreement.

Plaintiff initiated EEO counseling on April 6, 2004 and filed an administrative EEO complaint of discrimination on or about May 13, 2004.  The EEO complaint alleged that Plaintiff was the victim of retaliation in July 2003 when he was notified of a transfer to a postal facility in Teterboro, New Jersey but was not permitted to work.  On May 21, 2004, the EEO complaint

2

was dismissed for three reasons: (1) although Plaintiff had alleged retaliation, he did not have any prior protected EEO involvement upon which a retaliation claim can be based; (2) Plaintiff failed to contact an EEO counselor within 45 days of the alleged discrimination; and (3) Plaintiff's EEO complaint was an impermissible collateral attack on the arbitration decision, which was a grievance decision in a collective bargaining agreement.

Plaintiff appealed the dismissal of his EEO complaint. On October 27, 2004, the EEOC issued a decision (the "EEOC decision") which affirmed the dismissal on the grounds that Plaintiff's record lacked the requisite prior EEO involvement necessary for stating a retaliation claim. The EEOC decision notified Plaintiff of his right to file a civil action in federal court within ninety (90) days of receipt of the EEOC decision.

On February 14, 2005, Plaintiff filled out a form Complaint in the Superior Court of New Jersey, Law Division, Bergen County. In the section asking for a summary of "what happened that resulted in [Plaintiff's] claim against the defendant", Plaintiff wrote that he "was caused pain and suffering due to discriminatory practices." Plaintiff left blank another section asking for a list or description of the harm that occurred as a result of defendant's acts. The Complaint does not provide any further allegations.

The Complaint was removed to this court on May 6, 2005 by defendant National Postal Mail Handlers Union. On or about May 19, 2005, USPS filed a motion to dismiss or, in the alternative, for summary judgment. Although Plaintiff did not file written opposition prior to oral argument, Plaintiff presented his arguments orally before the court on June 13, 2005, and on June 20, 2005, Plaintiff personally delivered a handwritten letter to the court. In the June 20, 2005 letter, Plaintiff asks for

3

some answers to some very serious questions: such as,
1) Why did my union fail to abide by the rules of the national agreement?
2) Why is the U.S.P.S. trying to maintain a zero tolerance to lateness, when in fact
the daily operating is not perfect?

The June 20, 2005 letter also lists the names and positions of ten potential witnesses and attaches

copies of pages purportedly from the "National Agreement" between the National Postal Mail

Handler's Union and the USPS.

### STANDARD OF REVIEW

USPS has moved to dismiss Plaintiff's Complaint for failure to state a claim upon which

relief can be granted.  See FED. R. CIV. P. 12(b)(6).  A motion to dismiss should not be granted

unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Johnsrud v.

Carter, 620 F.2d 29, 33 (3d Cir. 1980); Craftmatic Sec. Litig. v. Kraftsow, 890 F.2d 628, 634 (3d

Cir. 1989).  Allegations contained in the Complaint will be accepted as true, Cruz v. Beto, 405

U.S. 319, 322 (1972), and Plaintiff shall be "given the benefit of every favorable inference that

can be drawn from those allegations."  Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991).

A pro se complaint should be held to less stringent standards and can only be dismissed for

failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief."  Estelle v. Gamble, 429 U.S. 97, 106

(1976) (citation omitted).  "Legal conclusions made in the guise of factual allegations, however,

are given no presumption of truthfulness."  In re MobileMedia Secs. Litig., 28 F. Supp. 2d 901,

922 (D.N.J. 1998) (citations omitted).

In the alternative and to the extent that documents outside of the Complaint are

considered, USPS requests summary judgment in its favor.  Summary judgment will be granted if the record establishes that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  Rule 56(c) imposes a burden on the moving party simply to point out to the district court that there is an absence of evidence to support the non-moving party's case.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

Once the moving party has met this burden, the burden then shifts to the non-moving party.  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Moreover, she may not simply "replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." Lujan v. National Wildlife Federation, 497 U.S. 871, 888 (1990) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). Rather, she must "set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

At the summary judgment stage, the court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249.  The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Id. at 247.  In determining whether there exists a material issue of disputed fact, however, the facts and the inferences to be drawn from the facts are to be viewed in the light most favorable to the non-moving party. Pollock v. Am. Tel. & Tel. Long Lines, 794 F.2d 860, 864 (3d Cir. 1986).

Because the dearth of factual allegations in the Complaint compels consideration of

5

documents submitted by USPS[1] which are not contained in the Complaint, USPS's motion will be treated as one for summary judgment.

### DISCUSSION

USPS has advanced several reasons to dismiss Plaintiff's Complaint.  First, USPS argues that Plaintiff has failed to meet Rule 8's rudimentary pleading requirements by failing to state the basis for his discrimination claims or showing that Plaintiff is entitled to relief.  Second, USPS argues that Plaintiff failed to exhaust his administrative remedies as required by Title VII and was grossly out of time in bringing his discrimination claims before the EEOC and should be barred from raising them now.  Third, USPS argues that even if Plaintiff had timely contacted an EEO counselor, his Complaint should be dismissed as untimely because he failed to file the Complaint in district court within the requisite ninety days after receiving his right-to-sue notice.  Fourth, USPS argues that Plaintiff failed to name the proper party defendant, *i.e.*, the Postmaster General.  Fifth, USPS argues that Plaintiff cannot establish a *prima facie* case of discriminatory treatment in his removal from postal employment.  Because the Complaint will be dismissed on grounds two through four, USPS's other arguments need not be reached.  Unfortunately for Plaintiff, the merits of his grievances will not be reached because dismissal is warranted on procedural grounds.

### 1.  Exhaustion of administrative remedies

The Complaint should also be dismissed because there is no question that Plaintiff failed

---

[1]The documents annexed to the Declaration of Rudolph A. Filko – *i.e.*, Equal Employment Opportunity Commission file related to Plaintiff (Ex. A) and Arbitration award dated May 21, 2003 related to Plaintiff (Ex. B) – will be considered for purposes of deciding this motion.

to exhaust his administrative remedies.  Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

2000 et seq., establishes the exclusive remedy for federal employees who allege discrimination in

the workplace.  Robinson v. Dalton, 107 F.3d 1018, 1020-1021 (3d Cir. 1997).  Federal

regulations provide in pertinent part:

> (a) Aggrieved persons who believe they have been discriminated against on the
> basis of race, color, religion, sex, national origin, age or handicap *must* consult a
> Counselor prior to filing a complaint in order to try to informally resolve the
> matter.
>
> (1) An aggrieved person must initiate contact with a Counselor *within 45 days of*
> *the date of the matter alleged to be discriminatory or, in the case of personnel*
> *action, within 45 days of the effective date of the action*.
>
> (2) The agency or the Commission shall extend the 45-day time limit in paragraph
> (a)(1) of this section when the individual shows that he or she was not notified of
> the time limits and was not otherwise aware of them, that he or she did not know
> and reasonably should not have been known that the discriminatory matter or
> personnel action occurred, that despite due diligence he or she was prevented by
> circumstances beyond his or her control from contacting the counselor within the
> time limits, or for other reasons considered sufficient by the agency or the
> Commission.

29 C.F.R. § 1614.105 (emphases added).  Plaintiff initiated EEO counseling on April 6, 2004,

which was a leap year.  Therefore, the latest date on which the allegedly discriminatory action

could have occurred is February 21, 2004.  Although the Complaint is ambiguous with respect to

the specifics of the allegedly discriminatory action(s), including the date(s), the documents

submitted by USPS indicate that there are only three possible dates on which the allegedly

discriminatory action(s) could have occurred – on or about April 18, 2002 (the effective date of

removal), on or about May 21, 2003 (the date Plaintiff was terminated), and July 2003 (when

Plaintiff allegedly was involuntarily transferred to another facility but not permitted to work).

All claims based on these allegedly discriminatory actions will be dismissed because they all

occurred prior to February 21, 2004.

Plaintiff has not submitted any argument that he should be exempted from the requirement of exhausting administrative remedies.  Therefore, the Complaint should be dismissed.

*2.  Filing in district court within ninety days after receipt of EEOC notice of right to sue*

A third reason for dismissing the Complaint is Plaintiff's failure to file the Complaint in the district court within ninety days after receiving the right-to-sue notice from the EEOC.  The Complaint is time-barred under 42 U.S.C. § 2000e-5(f)(1) because it was not filed within ninety days of receipt of the EEOC's right-to-sue notice.  The October 27, 2004 EEOC decision, which affirmed the agency decision, expressly informed Plaintiff: "You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision."  The EEOC decision further advises that, "[f]or timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed."  Plaintiff filed the Complaint in state court on February 14, 2005, and the Complaint was removed to this court on may 6, 2005.  Either of these dates falls outside the ninety day limit.

The ninety-day time limit in which Plaintiff must file a Title VII action is akin to a statute of limitations rather than a jurisdictional bar.  Therefore, it is subject to equitable tolling.  Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239-40 (3d Cir. 1999) (citations omitted).  "Under equitable tolling, plaintiffs may sue after the statutory time period for filing a complaint has expired if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances."  Id. at 240.  In this case, Plaintiff has not shown any

8

inequitable circumstances that would justify tolling the statute of limitations.  Accordingly, the Complaint should be dismissed on this basis.

*3.  Naming the proper defendant*

The Complaint should also be dismissed because Plaintiff has not named the proper defendant.  Plaintiff names the USPS, but not the Postmaster General, as a defendant. In this case, however, the Postmaster General is the proper defendant, not USPS.  42 U.S.C. § 2000e-16 (c).  The EEOC decision dated October 27, 2004 expressly advised Plaintiff: "If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title.  Failure to do so may result in the dismissal of your case in court."  USPS will be dismissed because it is not a proper defendant in this action.  See Swingle v. Henderson, 142 F. Supp. 2d 625, 631 (D.N.J. 2001) (dismissing USPS and noting that "any wrongful and actionable acts of the Postmaster General are chargeable as acts of the Postal Service") (citing Loeffler v. Frank, 486 U.S. 549, 562 n.8 (1988)).

## *CONCLUSION*

USPS's motion for summary judgment will be granted, and the Complaint will be dismissed with prejudice for the reasons stated above.  An appropriate order will be issued.

/s/ Dickinson R. Debevoise
Dickinson R. Debevoise, U.S.S.D.J.

June 28, 2005

9