NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOEL H. GRICE,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES POSTAL SERVICE &<br>NATIONAL POSTAL MAIL HANDLERS UNION,<br><br>    Defendants. | CIVIL ACTION NO. 05-2404 (DRD)<br><br>OPINION |

Appearances

Joel H. Grice, pro se
69 Franklin Terrace
Irvington, NJ 07111

*Plaintiff pro se*

Gwynne A. Wilcox, Esq.
Allyson Belovin, Esq.
80 Eighth Avenue, 8th Floor
New York, NY 10011
    *Attorney for defendant National Postal Mail Handlers Union Local 300*

## *OPINION*

### DEBEVOISE, Senior District Judge

Presently before the court is the motion of defendant National Postal Mail Handlers Union Local 300 (the "Union") to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) or 12(b)(6). For the reasons set forth below, the motion will be granted.

## BACKGROUND

The facts relevant to this action have been outlined in the court's opinion dated June 28, 2005 and will be summarized here. Plaintiff Joel H. Grice ("Plaintiff") was employed by the United States Postal Service ("USPS") as a mail handler at the Hackensack Processing and Distribution Center located in Hackensack, New Jersey. He commenced his employment with USPS on or about May 13, 1995, and was terminated on or about May 21, 2003 for failing to maintain satisfactory attendance. Plaintiff filed a grievance, but an arbitrator issued an award in favor of USPS, finding that USPS properly issued Plaintiff a Notice of Removal.

Plaintiff initiated EEO counseling on April 6, 2004 and filed an administrative EEO complaint of discrimination on or about May 13, 2004 against USPS. On May 21, 2004, the EEO complaint was dismissed. Plaintiff appealed the dismissal of his EEO complaint. On October 27, 2004, the EEOC issued a decision which affirmed the dismissal on the grounds that Plaintiff's record lacked the requisite prior EEO involvement necessary for stating a retaliation claim. The EEOC decision notified Plaintiff of his right to file a civil action in federal court within ninety (90) days of receipt of the EEOC decision.

On February 14, 2005, Plaintiff filled out a form Complaint in the Superior Court of New Jersey, Law Division, Bergen County. In the section asking for a summary of "what happened that resulted in [Plaintiff's] claim against the defendant", Plaintiff wrote that he "was caused pain and suffering due to discriminatory practices." Plaintiff left blank another section asking for a list or description of the harm that occurred as a result of defendant's acts. The Complaint does not provide any further allegations.

Plaintiff's state court action was removed to this court. On or about May 19, 2005, USPS

filed a motion to dismiss or, in the alternative, for summary judgment. In an opinion dated June 28, 2005, USPS's motion for summary judgment was granted. The only remaining defendant is the Union.

### *DISCUSSION*

A motion to dismiss under Rule 12(b)(6) should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980); Craftmatic Sec. Litig. v. Kraftsow, 890 F.2d 628, 634 (3d Cir. 1989). Allegations contained in the Complaint will be accepted as true, Cruz v. Beto, 405 U.S. 319, 322 (1972), and Plaintiff shall be "given the benefit of every favorable inference that can be drawn from those allegations." Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991). A pro se complaint should be held to less stringent standards and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citation omitted). "Legal conclusions made in the guise of factual allegations, however, are given no presumption of truthfulness." In re MobileMedia Secs. Litig., 28 F. Supp. 2d 901, 922 (D.N.J. 1998) (citations omitted).

Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993) (citation omitted). In this case, the Complaint fails to provide fair notice of what

3

Plaintiff's claim(s) is/are and the grounds.  There is an utter absence of factual allegations in the Complaint.  Plaintiff has merely stated that he "was caused pain and suffering due to discriminatory practices."  Plaintiff has not set forth what the discriminatory practices were or to which defendant(s) the allegedly discriminatory practices can be attributed.

Following oral argument on September 12, 2005, this Court gave an order allowing plaintiff seven days to file any papers or supporting documentation which would assist the Court to comprehend any factual allegations he had to support his claim of discrimination.  Plaintiff's supplemental documentation still fails to provide adequate support for the complaint.

The Complaint, and supplemental documentation have failed to state a discrimination claim against the Union because Plaintiff has not alleged facts showing that he exhausted his administrative remedies against the Union.  Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., establishes the exclusive remedy for federal employees who allege discrimination in the workplace.  Robinson v. Dalton, 107 F.3d 1018, 1020-1021 (3d Cir. 1997).  A charge of unlawful employment practice must be filed with the EEOC within 180 days after the alleged unlawful employment practice occurred.  42 U.S.C. § 2000e-5(e).  The Complaint states that the allegedly unlawful discrimination occurred on July 12, 2003.  However, Plaintiff has not filed a discrimination claim with the EEOC against the Union to this date.  The EEOC complaint was filed against USPS only.  Accordingly, Plaintiff cannot state a claim of discrimination against the Union with respect to his discharge from USPS because it is time-barred.

Additionally, any claim that Plaintiff might have for breach of fair representation against the Union is barred by the statute of limitations.  An employee may sue his union "when the union representing the employee in the grievance/arbitration procedure acts in such a

discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation." Del Costello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 164 (1983). The statute of limitations for breach of fair representation claims is six months. Id. at 169-171. Plaintiff commenced this action on February 14, 2005. Therefore, the latest date on which any breach of fair representation could have occurred is August 14, 2004. The Complaint, however, indicates that the allegedly unlawful act(s) of Defendants occurred on July 12, 2003, which means that the statute of limitations bars Plaintiff's claim for breach of unfair representation. Accordingly, any claim for breach of unfair representation will be dismissed because such act(s) occurred prior to August 14, 2004.

## *CONCLUSION*

For the reasons set forth above, the Union's motion to dismiss will be granted. An appropriate order will be issued.

_____/s/ Dickinson R. Debevoise_____
Dickinson R. Debevoise, U.S.S.D.J.

October _____, 2005